IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**TAYLOR BOALS**                                                                                     **PLAINTIFF**
**ADC #182537**

V.                          NO. 2:24-cv-22-DPM-ERE

**CHRISTOPHER BUDNIK,** *et al*.                                            **DEFENDANTS**

<u>**ORDER**</u>

**I.**      <u>**Background:**</u>

*Pro se* plaintiff Taylor Boals, an Arkansas Division of Correction ("ADC") inmate at the Delta Regional Unit, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Boals' complaint alleges that the conditions of his confinement are unconstitutional. He specifically states that each Defendant has failed to "keep up on the maintenance all around the unit." *Id. at 4*. He explains that, when it rains, water enters the unit from the wall and floor and there is mold and mildew "all over." *Id*. As a result of these conditions, he has: (1) had difficulty breathing; and (2) fallen and suffered an injury to his legs. He claims that each of the named Defendants are aware of these conditions, but they have refused to transfer him to another ADC unit. In addition, Mr. Boals alleges that each of these Defendants have aided and abetted Nurse Hubbard's "medical malpractice" by failing to transfer him to another ADC unit even though he has filed a civil rights lawsuit against Nurse Hubbard in this

Court. See *Boals v. Hubbard, et al.*, E.D. Ark. Case No. 4:23-cv-244-BSM-JJV ("*Boals I*").

Mr. Boals sues Warden Christopher Budnick, Deputy Warden Tasha Griffen, ADC Director Dexter Payne, and Classification Officer Shannon McFadden in his or her personal capacity only seeking monetary and injunctive relief.

Mr. Boals' original complaint fails to state a plausible constitutional claim for relief. However, rather than recommend dismissal of Mr. Boals' complaint, the Court will delay the screening process[1] to give Mr. Boals an opportunity to file an amended complaint clarifying his constitutional claims and correcting the problems discussed below.

## II. <u>Problems With Original Complaint</u>:

### A. **Conditions of Confinement Claim**

To move forward on an inhumane conditions of confinement claim, Mr. Boals must allege facts which, taken as true, support a reasonable inference that he suffered a serious deprivation of "the minimal civilized measure of life's necessities" and the

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

"offending conduct [was] wanton." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz*, 382, F.3d 870, 875 (8th Cir. 2004) (citations and quotation marks omitted).

Mr. Boals' current complaint fails to allege facts to support either objective or subjective elements of this claim. Mr. Boals' general allegations that the unit contains mold or mildew fail to rise to a constitutional level. Even if Mr. Boals slipped on the wet floors at the unit, and each Defendant was aware that the floors were wet, such conduct, while negligent, does not rise to a constitutional level. See *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983 claim); and *Davis v. Dorsey*, 167 F.3d 411, 412 (8th Cir. 1999) (affirming dismissal of inmate's slip and fall claim, which amounted to no more than negligence); *Walker v. Reed*, 104 F.3d 156, 157-58 (8th Cir. 1997) (slip and fall in water on the bathroom floor at the Cummins Unit is a claim of negligence which is not actionable under the Fourteenth or Eighth Amendment).

### B. Medical Malpractice Claim – Request for Transfer

Mr. Boals' complaint also alleges that each Defendant aided and abetted Nurse Hubbard's "medical malpractice" by failing to transfer him to another ADC unit. To the extent this claim is related to Mr. Boals' pending medical deliberate indifference claim, it would need to be pursued in that action, *Boals I*. If the facts giving rise to this claim arose after Mr. Boals filed *Boals I*, the claim fails as a matter of law. Inmates have no right to be housed in a particular penal unit or institution. *Manthey v. Sabol*, 80 Fed. Appx. 538, *1 (8th Cir. 2003) (unpub. per curiam) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983)).

In addition, Mr. Boals' current complaint fails to allege any facts to support a medical deliberate indifference claim that would survive screening.[2]

### III. Guidelines for Filing Amended Complaint:

Mr. Boals has thirty days to file an amended complaint. If Mr. Boals files an amended complaint, he should specifically: (1) state the amount of time that he was exposed to any alleged unconstitutional conditions of confinement; (2) specifically describe his exposure to the alleged unconstitutional conditions of confinement; (3)

---

[2] To state a plausible medical deliberate indifference claim against any individual Defendant, Mr. Boals must allege facts that, if taken as true, support a reasonable inference that: (1) he had "objectively serious medical needs"; and (2) each Defendant "actually knew of but deliberately disregarded those needs." *Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016). Mr. Boals' complaints contain no facts to show: (1) how any Defendant was aware of Mr. Boals' need for medical treatment; or (2) how any Defendant denied his requests for medical treatment. Thus, any proposed medical deliberate indifference claims, as stated in Mr. Boals' current complaint, cannot survive screening.

explain how each Defendant was personally aware of the alleged unconstitutional conditions of confinement; and (4) explain the specific injuries that he suffered as a result of each Defendant's unconstitutional conduct.

Mr. Boals' amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). In other words, Mr. Boal's amended complaint, if filed, will stand alone.

So, Mr. Boals should make sure that his amended complaint, if filed, includes all factual allegations relevant to any claim he wants to pursue in this lawsuit. Also, Mr. Boals should not rely upon, or incorporate by reference, any allegations made in the original complaint.

Finally, in his amended complaint, Mr. Boals need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

## IV. Conclusion:

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1. Mr. Boals may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Boals fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of this action.

3. The Clerk is instructed to provide Mr. Boals a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order. Mr. Boals should use this form if he files an amended complaint.

So Ordered 9 February 2024.

_____
UNITED STATES MAGISTRATE JUDGE