### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**TAYLOR BOALS**                                                               **PLAINTIFF**
**ADC #182537**

**V.**                                **NO. 2:24-cv-22-DPM-ERE**

**TOMMY HAWKINS**                                                          **DEFENDANT**

### RECOMMENDED DISPOSITION

### I.     Procedure for Filing Objections

This Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. Your objections must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Marshall can adopt this Recommendation without independently reviewing the record.

### II.    Background

*Pro se* plaintiff Taylor Boals, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Docs. 2, 5.* Mr. Boals is currently proceeding on the claim that Defendant Janitorial Supply Supervisor Tommy Hawkins has been deliberately indifferent to his health by forcing him to work in an unsafe work environment as a result of which Mr. Boals suffered a leg or knee

injury.[1] Specifically, he complains that Supervisor Hawkins: (1) failed to provide him adequate personal protective equipment; (2) ordered him to move a chemical hose leaking chemicals on to the floor;  and (3) ordered him to use a faulty dolly. *Doc. 5 at 4-5.*

Pending before the Court is Supervisor Hawkins' motion for summary judgment, brief in support, and statement of facts. *Docs. 23, 24, 25.* He argues that Mr. Boals failed to exhaust his administrative remedies before filing this lawsuit. Mr. Boals has now responded to Supervisor Hawkins' motion (*Doc. 27*), which is now ripe for review.

For the reasons stated below, Supervisor Hawkins' motion for summary judgment (*Doc. 23*) should be granted.

## III.   <u>Discussion</u>

### A.   **The PLRA Makes Exhaustion Mandatory**

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before filing a civil lawsuit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v.*

---

[1] The Court previously dismissed Mr. Boals' claims against Warden Christopher Budnik, Deputy Warden Tasha Griffin, Director Dexter Payne, and Classification Officer Shannon McFadden. *Doc. 7.*

*Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Boals to satisfy the ADC's requirements for raising and exhausting his pending claims before bringing this action.[2]

### B.    The ADC Grievance Procedure

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 23-2*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

---

[2] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising the claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision. *Id. at 6-14*. The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejects the appeal. *Id. at 14*.

To complete the exhaustion process before bringing this lawsuit, Mr. Boals was required to present his claims against Supervisor Hawkins in a timely filed grievance and pursue all three steps of the ADC's grievance process until he received a decision on the merits at the final stage. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original); *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (a prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits.").

### C.    Mr. Boals' Grievance History

Supervisor Hawkins submits the declaration of Terri Grigsby Brown, the ADC Inmate Grievance Supervisor. *Doc. 23-1*. Ms. Grigsby-Brown states that, based on her review of Mr. Boals' grievance history, she did not find any grievances relevant to the claims raised in this lawsuit. *Id. at 7*.

In response to Supervisor Hawkins' summary judgment motion, Mr. Boals does not dispute that he failed to file a grievance related to his pending claims. As a result, the record is undisputed that Mr. Boals failed to file a grievance asserting the claims against Supervisor Hawkins at issue in this lawsuit.

Mr. Boals attempts to justify his failure to file a grievance by pointing out that job assignments are non-grievable under the ADC inmate grievance procedure. *Doc. 27*. The ADC inmate grievance procedure specifically states that "Job Assignments" are non-grievable "unless in conflict with medical restrictions." *Doc. 23-2 at 3*. Ms. Grigsby-Brown acknowledges that, although prisoner "job *assignments* are non-grievable under the ADC inmate grievance procedure, nothing in the policy prohibits grievances related to unsafe work conditions." *Doc. 23-1 at 7*.

On its face, the grievance procedure did not bar Mr. Boals' from grieving the working conditions he was exposed to under Supervisor Hawkins.[3] Mr. Boals'

---

[3] It is possible that, had Mr. Boals filed a grievance, prison staff would have interpreted the grievance as a non-grievable challenge to his work assignment. Had that happened, the case would be in a different posture.

subjective and possibly incorrect understanding of the grievance process is irrelevant to the determination of whether administrative remedies were "available" to him. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (holding that a "prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him" is irrelevant); *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (holding that a prisoner's misunderstanding about the prison's grievance procedure did not excuse his failure to exhaust his administrative remedies).

On this record, there is no genuine issue of material fact regarding Mr. Boals' failure to exhaust his administrative remedies as to his remaining claims. Accordingly, Supervisor Hawkins is entitled to judgment as a matter of law.

## IV.   <u>Conclusion</u>

IT IS THEREFORE RECOMMENDED THAT:

1.    Supervisor Hawkins' motion for summary judgment (*Doc. 23*) be GRANTED.

2.    Mr. Boals' claims be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies.

3.    The Clerk be instructed to close this case.

DATED 4 June 2024.

_____
UNITED STATES MAGISTRATE JUDGE